IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH DEAN DAWSON,                    No. 2:04-cv-1746-MCE-CMK-P

      Petitioner,

  v.                                    <u>ORDER</u>

TEMPLE, et al.,

      Respondent.
_____/

    Petitioner is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On December 10, 2004, Judgment was entered in this Court denying the petition. On January 21, 2005, Petitioner filed a Notice of Appeal. Before Petitioner can appeal this decision, a Certificate of Appealability must issue. 28 U.S.C. § 2253(c); Fed. R .App. P. 22(b). Federal Rule of Appellate Procedure 22(b) requires the district court judge who rendered a judgment denying such petition to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue."

1

1     The timely filing of a notice of appeal is a jurisdictional
2 requirement.  <u>Scott v. Younger</u>, 739 F.2d 1464, 1466 (9th Cir.
3 1984).  Here, the time limit for filing a notice of appeal
4 following entry of judgment is thirty days.  <u>See</u> Fed. R. App. P.
5 4(a).  Petitioner's Notice of Appeal in this action was filed
6 more than thirty (30) days after entry of Judgment.
7     The United States Court of Appeals for the Ninth Circuit has
8 held that the issuance of a certificate of probable cause cannot
9 vest the court of appeals with jurisdiction if jurisdiction is
10 not proper in that court.  <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325
11 (9th Cir. 1978).  The rationale of <u>Hayward</u> applies with equal
12 force to a certificate of appealability.  For these reasons, the
13 Court declines to issue a Certificate of Appealability.
14     IT IS SO ORDERED.
15 DATE: April 20, 2006

                          _____
                          MORRISON C. ENGLAND, JR
                          UNITED STATES DISTRICT JUDGE